# The Law Office of
# ANTHONY M. GRANDINETTE

114 Old Country Rd. Suite 420 • Mineola, NY 11501

Mirel Fisch
Admitted in New York/New Jersey

Of Counsel:
Bryant R. Camareno, P.A.
Florida

Telephone: (516) 877-2889
Facsimile: (516) 294-5348
Email: Grandinettelaw@gmail.com

April 28, 2021

*Via ECF*
Attn: AUSA Megan Farrell
United States Attorney's Office
Alphonse M. D'Amato Federal Courthouse
100 Federal Plaza
Central Islip NY 11722

                    **Re: USA v. Corwin**
                    **Ind. 2:21-CR-00218 JS**

Dear Megan:

    This request for discovery is written on behalf of the defendant, David Corwin following yesterday's arraignment before Judge Seybert. Pursuant to Rules 7(f), 16 and 26.2 of the Federal Rules of Criminal Procedure, Title 18, United States Code, Sec. 3500; the Sixth Amendment to the United States Constitution; and applicable precedents of the United States Court of Appeals for the Second Circuit and the United States Supreme Court, demand is made for discovery in the above-referenced action. Specifically, the defendant in this case demands the disclosure and production of, or, in the alternative, the opportunity to inspect, photocopy or photograph, the following information:

## Defendants Request for Discovery and Inspection

    Discovery and inspection of the items described below is both reasonable and necessary to the preparation of the defense. Our request for discovery and inspection related to items in the possession, custody, or control of the prosecutors in this case as well as all federal, state and city agencies or governmental entities.

    With respect to those items which we request, if the prosecutors in this case do not have them in their possession, we ask for a statement to the effect that such items do not exist. If the prosecutors in this case are aware that the requested item exists but do not have it in their possession, we request that the prosecutors disclose the whereabouts of such item.

    As used herein, the term "document" means any tangible thing containing, reflecting or capable of reproducing or have reproduced from it, visually or orally, language, numerals or pictures, and relating or referring in any manner to the allegations

1

this case disclose the following pursuant to the enumerated headings and in accordance with the relevant statutory and decisional law:

### Rule 16 and Other Pre-Trial Discovery

1. The prosecutors in this case are requested to disclose any oral, written or recorded statements made by the defendant or by any agents or co-conspirators or copies thereof, within the possession, custody or control of the prosecutors in this case, the existence of which is known, or by the exercise of due diligence may become known, to the prosecutors in this case.

2. The governments' attention is drawn to the fact that the investigations regarding this prosecution was conducted with the joint participation of state and/or local and/or foreign law enforcement agencies. Criminal Complaint, ¶ 1 ¶ 2and ¶3. Accordingly, the government is required to carefully survey the files and records of such agencies to ensure that all items to which the defendant is entitled are produced.

3. The defendant requests a copy of the defendant's prior record, if any, within the government's possession, custody, or control, including any convictions on a state or local level. Criminal Complaint ¶ 2.

4. The defendant requests the disclosure and production of, or in the alternative, permission to inspect and copy and/or photograph any and all electronic files, data, mega data, photographs, visual images, visual depictions, digital videos and/or images, movies, computer files, any and all books, papers, documents, photographs, tangible objects, buildings or places or copies of portions thereof which are within the possession, custody or control of the prosecutors in this case recovered from the defendants residence on March 18, 2021 and March 24, 2021, and/or by subpoena or any other source and which are material to preparation of the defendant's defense or which are intended for use by the prosecutors in this case as evidence-in-chief at the trial or were obtained from or belong to the defendant or associated with IP address 69.124.30.198, including (a) those which the defendant is alleged to have receive between March 1, 2021-March 24, 2021, under count 1 of the indictment;(b) those which the defendant is alleged to have possessed between March 1, 2021-March 24, 2021, under count 2 of the indictment;(c) those which the government seeks forfeiture under count 3 of the indictment.

5. The defendant further requests the disclosure and production of, or in the alternative,  permission to inspect and copy and/or photograph any and all electronic files, data, mega data, photographs, visual images, visual depictions, digital videos and/or images, movies, computer files, any books, papers, documents, photographs tangible objects, buildings or places, or copies thereof, which are within possession, custody or control of the prosecution that (a) are referred to directly or indirectly in the Criminal Complaint and/or  Indictment; (b) relate to any statement of fact in the Criminal Complaint and/or Indictment; and (c) will be alleged to constitute the fruits or means of perpetuating any offense set forth in the Criminal Complaint and/or Indictment;(d) any

2

property, real or personal constituting, or traceable to, gross profits or other proceeds obtained from such offenses and which the government seeks forfeiture;(e) any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property in addition to one ASUS desktop computer , serial number EAPDCG0009J3, which the government seeks forfeiture.

6. The defendant further requests that the prosecutors in the case the disclose and produce, or in the alternative, permit defense counsel to inspect and copy and/or photograph any results or reports or physical or mental examinations and/or any scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the prosecutors in this case, the existence of which is known, or by the exercise or due diligence may become known, to the prosecutors in this case and which are material to preparation of the defense or are intended for use by the prosecutors in this case as evidence-on chief at the trial. Your attention is respectfully drawn to the fact that this provision is not triggered only with regard to such reports, etc., which the prosecutors in this case intent to offer during its case-in-chief, but applies to all such information which material to preparing the defense of the action.

7. If the government intents to offer the testimony of any witness as an "expert", the defendant requests pretrial disclosure of the underlying facts or data relied upon by such expert in forming the opinions and conclusions to which he or she will testify. Specifically, the defendant requests a copy of any expert reports and a written summary of any testimony that the government intends to use under Rules 702,703 or 705 of the Federal Rules of Evidence including the witness's opinion, bases and reason for his/her opinion and the witness's qualifications.

### Request for Notice of Government's intention to Use Certain Evidence

8. The defendant respectfully requests that the government, pursuant to the authority of Rule 12(b)(4)(B) of the Federal rules Criminal Procedure, give notice or its intention to offer specific categories of evidence at trial which may be subject to a motion to exclude by defendant. In the main, defendant requests that the government disclose any evidence of alleged criminal activity (or other acts of moral turpitude), allegedly committed by or otherwise attributable to the defendant (or individuals acting in concert with him) which are not specifically charged as discrete offenses of the Indictment. Disclosure of information requested in paragraphs 8 through 15 of this demand are also based upon the authority of Rule 12 (4) (B).

### Specific Requests Pursuant to Rule 16 (a)(1)(E)

9. The government is requested the disclosure and produce, or in the alternative to permit the defense to inspect or copy or photograph any and all documents, objects or other tangible things which were obtained by virtue of any physical search and/or seizure of any person or place, with or without prior judicial authorization, and which are germane to this case and are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become

known to counsel for the government. The government is requested to disclose wherever any per-trial identification procedure was used in this case, including but not limited to photographic displays, lineups, show-ups, etc. If so, state the nature and circumstances of such identification procedure as well as the time, date, and place of the identification. State whether any witnesses were unable to identify the defendant, made a mistake identification, or were uncertain in making an identification.

     10. The government is requested to disclose any and all information documents, reports, orders, affidavits, etc., which relate to any way to any "mail cover" operations or the examination of the mail of any individual involved in this case, and particularly the defendant.

     11. The government is requested to disclose any and all information, documents, reports, orders, affidavits, etc., which relate in a y way to any "pen register" operations or to the affixing of any instruments to record the telephone number of any incoming or outgoing telephone calls which were utilized in the investigation of this case and which are within the possession custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

     12. The prosecutors in this case are requested to disclose any and all photographs (still photography), video recordings or motion pictures which were made in conjunction with his case, or which relate in any manner to this case, which are within the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

     13. The prosecutors in this case are requested to disclose any and all applications, affidavits, orders or other documents which relate to any telescopically enhanced surveillance which was conducted in conjunction with he investigation underlying this case or which relate in any manner to this case, which is in the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government. If telescopically enhanced surveillance was accomplished without court order, please indicate this, including relevant dates, times places, etc.

     14. The prosecutors in this case are requested to disclose any and all forms, affidavits, or other documents which purport to grant consent to search any individuals, persons or premises which relate, in any manner, to this case and which is in the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

     15. The prosecutors in this case are requested to disclose any and all court-authorized or non-court authorized observations by law enforcement officers of defendant that were made from: a) airplanes, helicopters or other airborne devices; b) property owned, leased or in which defendant had a possessory, leasehold or ownership interest.

16. The prosecutors in this case are requested to disclose any and all applications (and attendant documents and /or exhibits), affidavits, testimony, inventories and /or orders seeking granting or denying judicial permission to conduct a physical search of any person or premises which relate to this case and which are within the possession, custody or control of the prosecutors in this case, the existence of which is known or through the exercise of due diligence may become known to prosecutors in this case. If any "consent" search conducted, roved all details of date, time, place, and results.

### Request for Notice of Government's Intention to Offer Evidence Pursuant to rule 404(b) of the Federal Rules of Evidence.

17. As the government is undoubtedly aware, the government is required to "provide [the defense with] reasonable notice in advance of trial…of the general nature of any such evidence it intends to offer at trial." *See* Fed.R.Evid. 404(b) is silent as to precisely when, prior to the trial, notice of such proof must be given, the notes of the Committee on Judiciary explain that they Rule envisions that "counsel for both the defense and the prosecution will submit the necessary request and information in a reasonable and timely fashion." The Committee Notes also indicate that the disclosure of such "other crimes" proof is not limited to evidence which the government intends to offer in its case-in-chief; "the amendment requires the prosecution to provide notice, regardless of how it intends to use the extrinsic evidence at trial, i.e., during its case-in-chief; for impeachment, or for possible rebuttal" Accordingly, the defendant respectfully requests that the government provide notice, at this time, of any evidence which would be subject to the provisions of Rule 404(b).

### Request Pursuant to Rule 807 of the Federal Rules of Evidence.

18. the defendant respectfully asks the government to provide him with notice, at this time, of any evidence which they will seek to offer pursuant to Rule 807 of the Federal Rules of Evidence. This Rule provides, *inter alia*, that hearsay statement offered under this exception may not be admitted"…unless the proponent of it makes known to the adverse party sufficiently in advance of trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponents intention to offer the statement and the particulars of it, including the name and address of the declarant" Accordingly, in the event that the government intends to offer any evidence pursuant to this Rule, it is requested to make pretrial disclosure of all relevant information.

### Wiretapping, Eavesdropping and Consensual Recordings and Related Materials

19. Discovery is sought as to all documents, applications, affidavits, supplemental affidavits, exhibits, transcripts, testimony, memoranda, warrants, orders, etc., which relate to this case and which pertain to the use of mechanical or electronic court-ordered or consensual interception devices which were made, written or issued by any representative of federal, state or city governments and which are within the possession,

custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government.

20. Discovery is also sought as to any and an statements of the defendant, agents, coconspirators, or other individuals, whether oral, recorded or written, which were seized by court ordered or consensual electronic or mechanical means and which are within the possession, custody or control of the government, the existence of which is known or thought he exercise of due diligence may become known to counsel for the government.

21. Discovery is sought as to any and all memoranda, logs, line sheets, reports, notes, summaries, transcripts, periodic reports to the court or other written communications whatsoever which were made by any public servant, or their duly authorized representatives, which are germane to this case and relate in any way to wiretapping or eavesdropping conducted by agents of federal, state or city governments.

22. Discovery is sought as to a schedule of each mechanical or electronic eavesdropping devise or other device capable of intercepting oral communications or of intercepting communications over radio, telephone or radio-telephone equipment and which were used in conjunction with or relate to, this case, inclusive of the following documents and/or information:

   a. any and all requests, applications and/or orders seeking or requiring the sealing of tapes or other recordings;

   b. any and all requests, applications (whether granted or not) and/or orders seeking or the granting any initial interception order or renewal or extension of a previously existing order;

   c. copies of any and all progress reports, or orders to make such reports;

   d. any and all requests, applications and/or orders amending a wiretap order or warrant to include the seizure of conversations dealing with offenses other than those specified in the original order of authorization;

   e. a schedule of any and all logs or other documents maintained during or in conjunction with the interception of wire or oral communications by law enforcement personnel;

   f. any and all documents which relate to the use of "pen registers", "trap" or "trace" devices by law enforcement personnel in conjunction with this case;

   g. copies of any and all inventories prepared in conjunction with wiretapping or eavesdropping activity which relate to this case;

h. copies of any and all transcripts prepared from tapes made in conjunction with or subsequent to wiretapping or eavesdropping activity which relate to the present case;

i. copies of any and all reports required pursuant to 18 U.S.C §2519 or state counterparts;

j. copies of any and all orders served in conjunction with the requirement to provide notice of overhear and any and all documents relevant to extensions or renewals thereof;

k. any and all orders permitting the interception of radio communications and all tapes or recordings produced in accordance therewith;

l. any and all transcripts, tapes or recordings (made pursuant to consent of the party(s) or by court order) in the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to counsel for the government, which were made by a person who had given prior consent to such interception whether or not such person was a law enforcement officer or government employee;

m. any and all documents which reflect the consent of a person to have his or her wire or oral communication intercepted which are in the possession, custody or control of the government, the existence of which is known or through the exercise of due diligence may become known to the government.

n. any and all applications, requests or correspondence seeking the permission of the Attorney General of the United States

### Brady/Giglio/Bagley Material

23. The government is requested to disclose the names and addresses of any person whom the prosecution knows or through the exercise of due diligence may come to know, to have relevant information regarding any of the areas described below. In addition, all relevant documents which relate, in any manner to the *Brady, Giglio* and *Bagley* material requested below, are requested for the government at this time:

a. Copies of all documents, statements, and any other evidence including, but not limited to, a written summary of all oral evidence and statements, now known to the prosecutors in this case or which may become known or which through due diligence may be learned from the investigating agents or witnesses in this case or persons interviewed in connection with this investigation, which is exculpatory in nature or favorable to the defendant, or which tends to negate or mitigate the guilt o the defendant, as to the offense(s) charged, or any uncharged criminal conduct which will be proffered by the government, or which would tend to reduce any punishment therefor.

7

b. Includes the names, addresses, and telephone numbers of all persons who know or may know of any such favorable or exculpatory evidence. With" respect to each person the prosecution intends to call at trial, or any member of the immediate family (including what is loosely referred to as "common law" family), boyfriend, girlfriend or lover of any such person, attach copies of all indictments, complaints, or information brought against such person by the federal, or any state or local government, all disciplinary actions brought by the federal, or any state or local government, and state what counts or actions have been the subject of guilty pleas, convictions, dismissals, or understandings to dismiss at a future date

c. With respect to each person the prosecution intends to call at trial, or any member of the immediate family (including what is loosely referred to as "common law" family), boyfriend, girlfriend, or lover of any such person, set forth a written summary of all charges which could be brought by the federal, or any state or local government, which have not or may not or which the witness believes have not or may not be brought because the witness is cooperating with or ahs cooperated with the federal, state or city governments, or for any other similar or related reason.

d. Include copies of all memoranda of understanding between the prosecutors in this case and their witnesses, whether by way of a letter to the attorney for a witness or otherwise.

e. Enumerate all inducements, promises, payments and witness fees by amount and date made to, and all agreements made with, all persons the prosecution intents to call as witnesses at the trial.

f. Include all information which may bear on the credibility of any witness and all information bearing on his/her relationship to any federal, state or city agency or agent, and any services or other services or acts performed by him/her with the knowledge, request or acquiescence of the state, city or federal government. This request expressly includes any benefits extended to witnesses regarding their conditions of confinement, access to contact visits, and telephone privileges. By extension which the defendant, agents, employees, or co-conspirators maintained a possessory interest or over such instrument the prosecutors in this case knew, or believed, the defendant, agents employers, employees or co-conspirators utilized and which are within the possession, custody or control of the prosecutors in this case, the existence of which is known or through the exercise of due diligence may become known to the prosecutors in this case.

g. Provide counsel with a list of names, aliases, and addresses of each and every unindicted co-conspirator know to the prosecutors in this case.

### 3500 Material

24. The defendant requests timely production of all statements required to be provided under 18 U.S.C. §3500, including but not limited to handwritten and other informal notes of interviews. Moreover, given the apparent joint nature of the

investigation leading to this indictment, the government is obliged to produce all responsive materials prepared by or in the possession of the participating agencies. Additionally, the defendant requests that drafts or notes of such statements be preserved. If any such statements, drafts or notes have been or are intended to be discarded or destroyed, please identify such statements and notes in sufficient detail to permit a request to the court for appropriate relief advance of trial.

    I have submitted my formal discovery demands at this time to comport with the formal filing requirements. Each request contained in this request for discovery and inspection is of a continuing nature and requires a supplemental answer as soon as the government discovers the additional evidence, information, or material. If you would like to discuss the particulars requested or the basis upon which any request is predicated, please contact me directly. Your attention to this request is appreciated in order that the appropriate motions may researched and so I may advise and consult with the defendant.

    Thank you for your previous courtesy and cooperation in this matter.

    Very Truly Yours,

    Anthony M. Grandinette

AMG/dp