UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 19 2024 ★
LONG ISLAND OFFICE

UNITED STATES OF AMERICA,

v.

DAVID CORWIN,
Defendant

Case no. 2:21-cr-00218-001-JS

RECEIVED
AUG 19 2024
EDNY PRO SE OFFICE

REC'D IN PRO SE OFFICE
AUG 19 '24 PM4:32

## MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. §3582(c)(1)(A)

Now comes the Defendant, David Corwin, pro se, and hereby moves this Honorable Court for a sentence reduction pursuant to 18 USC §3582(c)(1)(A). In support of the motion, the Defendant states the following:

### I. FACTUAL BACKGROUND

The Defendant was arrested on March 24, 2021 and charged with receipt of child pornography in violation of 18 USC §2252(a)(3). The Defendant did not have any prior criminal history. The Defendant was on pretrial home confinement for two (2) years prior to his sentencing. The Defendant did not incur any violations while on pretrial home confinement. The Defendant was subsequently sentenced on November 18, 2022 to a term of 60-months imprisonment. The Defendant's release date is September 2, 2026. The Defendant has fully paid his restitution in the amount of $52,000. The Defendant was subsequently sued under 18 USC §2255(a) for over 1 million dollars by a law firm that represents some of the child pornography victims in the Defendant's case.

II. LEGAL STANDARD

To obtain a sentence reduction, a defendant must first have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or allowed "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility before bringing his motion, 18 USC §3582(c)(1)(A). See, Exhibit 1.

One of the goals of the First Step Act was to "unwind decades of mass incarceration", U.S. v. Somerville, 463 F.Supp.3d 585, 590 (WD Pa. 2020). Congress designed Section 3582(c)(1)(A) to allow federal prisoners to move for a sentence reduction directly with the U.S. district courts - instead of solely relying on the Bureau of Prisons ("BOP") determination - to maximize the use and transparency of the statute. See, First Step Act Section 603(b). The Act provides that a prisoner may move for a sentence reduction if extraordinary and compelling reasons exist to warrant a reduction. "The Sentencing Guidelines provide that such extraordinary and compelling reasons exist under several specific circumstances or a combination thereof", U.S. v. Barnes, 2024 U.S. Dist. LEXIS 842965 at *3-4 (D. Minn. May 9, 2024).

What constitutes 'extraordinary and compelling' reasons to reduce a sentence? Courts have "recently [given] insight into this question by counseling that the district court 'enjoy[s] broad discretion' and that it should 'conduct a holistic review to determine whether the individualized circumstances, taken in the aggregate, present an extraordinary and compelling reason to grant' a sentence reduction", U.S. v. Lara, 2023 U.S. Dist. LEXIS 35899 at *6-7 (D.R.I. Mar. 1, 2023)(quoting U.S. v. Trenkler, 47 F.4th 42, 47 (1st Cir. 2022)).

Courts have also held that "the whole may be greater than the sum of its parts, and reasons that may not do the trick on their own may combine to constitue circumstances that warrant a finding that the reasons proposed are extraordinary and compelling", Trenkler, 47 F.4th at 49. This Court "may consider any complex of circumstances and permit a sentence reduction - in the district court's sound discretion - based on any combination of factors", Id. at 48. See also, U.S. v. Amerson, 2023 U.S. Dist. LEXIS 120004 (EDNY July 12, 2023); U.S. v. Herrera, 2023 U.S. Dist. LEXIS 91224 at *16-17 (SDNY May 24, 2023).

III. GROUNDS FOR RELIEF

Mr. Corwin presents the following grounds for this Court to consider, either individually or in the aggregate, in determining an appropriate sentence reduction:

A. The Defendant's Rehabilitation Accomplishments

Although rehabilitation "alone" does not constiute an extraordinary and compelling reason to reduce a sentence, "courts may consider it as a factor", along with other factors, "in determining if there are extraordinary and compelling reasons for compassionate release", U.S. v. Qadar, 2021 U.S. Dist. LEXIS 136980, 2021 WL 3087956 at *10 (EDNY 2021). What constitutes rehabilitation is left to the court's discretion, but courts in this district have considered the following factors: the defendant's maintenance of familial and societal relationships; letters of support both from community members and prison staff; conduct and disciplinary records while incarcerated; ...any achievements and education obtained while incarcerated;...gains in maturity[;] and other clear signs that a defendant's incarceration has had rehabilitative value", U.S. v. Byam, 2024 U.S. Dist. LEXIS 65774, 2024 WL 1556741 at *8 (EDNY Apr. 10, 2024) (collecting cases).

Since his incarceration, Mr. Corwin has participated in rehabilitative programs, specifically, Mr. Corwin has participated in the B.O.P.'s Residential Drug and Alcohol Program ("RDAP"). The RDAP program is an intensive program that focuses on addictive behaviors.

While courts have held that rehabilitation alone cannot be an extraordinary and compelling reason for a reduction in sentence, "rehabilitation can, however, interact with other factors to constitute extraordinary and compelling reasons to reduce a sentence", U.S. v. Banks, 2022 U.S. Dist. LEXIS 198064 (SDNY Oct. 13, 2022). And here, the "Defendant is not asking the Court to cosider rehabilition alone...additionally, the fact that Congress used the modified 'alone' signals that it may be relevant and duly considered among other factors", U.S. v. Ortiz, 2023 U.S. Dist. LEXIS 31532 at *13 (SD Cal. 2023).

Mr. Corwin's offense was three (3) years ago and it is important for the Court to evaluate the current characteristics of the Defendant. Courts have held that "[i]n evaluating a defendant's post-sentencing conduct, the court considers the Defendant as he appears today, 'not on the date of his offense or the date of his conviction", U.S. v. Wyche, 2023 U.S. Dist. LEXIS 3620 at *20 (DC Cir. Jan. 9, 2023)(quoting Concepcion v. U.S., 142 S.Ct. 2389, 2396, 213 L.Ed.2d 731 (2022). Courts have recognized that a defendant's "history and characteristics did not freeze on the day of his arrest and incapacitation, and "evidence of post-sentencing rehabilitation may be highly relevant to several of the §3553(a) factors", U.S. v. Underwood, 2021 U.S. Dist. LEXIS 8378 (SDNY 2021)(quoting Pepper v. U.S., 462 U.S. 476, 491, 131 S.Ct. 1229, 179 L.Ed.2d 196 (2011).

Mr. Corwin's "rehabilitation efforts show that he is committed to living a law-abiding life" upon release, U.S. v. Liscano, 2021 U.S. Dist. LEXIS 184294 at *24 (ND Ill. 2021), and those rehabilitative efforts "demonstrates a commitment to self-improvement and personal growth", U.S. v. Clausen, 2020 U.S. Dist. LEXIS 143257 at *5 (ED Pa. 2020).

Further, Mr. Corwin's rehabilitation also demonstrates that he is not a danger to the public. See, U.S. v. Cisneros, 2022 U.S. Dist. LEXIS 218760 (D. Haw. 2020) ("The Court is confident that a reduced sentence will ensure the public's safety because [Defendant] has now presented compelling evidence of his rehabilitation").

Circuit courts have held that a district court must consider a Defendant's post-sentencing conduct when determining the merits of a motion for sentence reduction under 18 USC §3582. See, U.S. v. Rudisill, 834 Fed. App. 827, 829 (4th Cir. 2021) (finding district court judge abused his discretion in denying motion under the First Step Act without addressing defendant's post-sentencing conduct).

This Court should find that Mr. Corwin's post-sentencing rehabilitation commendable and that such efforts, in combination with the other reasons stated herein, warrant reducing Mr. Corwin's sentence.

B. Mr. Corwin's Medical Conditions

Mr. Corwin suffers from numerous medical issues. Mr. Corwin was diagnosed with Chronic Fatigue Syndrome. According to a report by Dr. James Hess of Stony Brook Medicine, Mr. Corwin suffers from episodic fatigue that requires full bed rest for 5 to 6 days. Dr. Hess also stated that Mr. Corwin's chronic fatigue syndrome represents a complete diability that prevents Mr. Corwin from performing the activities of daily living.

"Chronic Fatigue Syndrome is a multi-system disease with symptoms that include: muscle and joint pain, cognitive difficulties, often severe mental and physical exhaustion, muscle weakness and depression", Hill v. Berryhill, 2017 U.S. Dist. LEXIS 66627 at *6 (SD Ohio. 2017). "The fatigue may worsen with physical or mental activity, but doesn't improve with rest", MAYO Clinic, Diseases & Conditions, Chronic Fatigue Syndrome, https: www.mayoclinic.org disease-conditions chronic-fatigue-syndrome symptoms-causes syc-20360490.

Courts have recognized that "Chronic Fatigue Syndrome is a disorder that causes extreme fatigue. This fatigue is not the kind of tired feeling that goes away after you rest. Instead, it lasts a long time and limits your ability to do ordinary daily activities", Wuerth v. Astrue, 2008 U.S. Dist. LEXIS 87898 at *17, fn. 9. Indeed, "Chronic Fatigue Syndrome is a debilitating immunological disorder", Mitchell v. Eastman Kodak Co., 910 F.Supp. 1044, 1050 (MD Pa. 1995).

"Chronic Fatigue Syndrome causes prolonged fatigue lasting 6 months or more, resulting in a substantial reduction in previous levels of occupational, educational, social, or personal activities", Kendall v. Berryhill, 2018 U.S. Dist. LEXIS 77615 at fn. 5 (ED Cal. 2018). See also, Joe v. Colvin, 2014 U.S. Dist. LEXIS 106366 at fn. 3 (D.S.D. 2014)("Chronic Fatigue Syndrome causes as debilitating and long-lasting tiredness that has no known cause").

"Chronic Fatigue Syndrome can render a person feeble", Fessenden v. Reliance Std. Life. Ins. Co., 2018 U.S. Dist. LEXIS 7754 at *8 (ND Ind. 2018). And, while "[t]here is no cure and no prescription drugs have been developed specifically for CFS", Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y., 631 F.3d 57, 75 (2nd Cir. 2010)(Justice Straub, dissenting), "one of the tenets of treatment for chronic fatigue...is to address

co-existing and possibly contributing factors such as depression, sleep disorders, and related conditions", Alicea-Garcia v. Am. Airlines, 2010 U.S. Dist. LEXIS 159463 at *10 (MD Fla. 2010).

Since his diagnosis by Dr. Hess, there have been no substantial periods of time during which Mr. Corwin has been free of symptoms of Chronic Fatigue Syndrome. Courts have also noted that "chronic fatigue syndrome can be a serious impairment", Larson v. Astrue, 780 F.Supp.2d 935, 957 (WD Mo. 2011).

Despite this, the Bureau of Prisons has done absolutely nothing to address Mr. Corwin's chronic fatigue syndrome. In September 2023, Mr. Corwin was seen by medical staff at FCI-Danbury in which he complained of his chronic fatigue syndrome. The medical staff noted that Mr. Corwin has visible tremors and noted that Mr. Corwin was concerned with unexplained weight loss. However, BOP medical staff did not take any further steps to address any of these medical issues. In December 2023, Mr. Corwin was again seen by medical staff because Mr. Corwin requested that he be able to rest for 2-hours after each 3-hour programming session in the Residential Drug and Alcohol Program. FCI Danbury staff denied that request.

It is undisputed that, to date, BOP medical staff has not treated or attempted to treat Mr. Corwin's chronic fatigue syndrome or tremors. Nor has BOP medical staff bothered to diagnose the cause of Mr. Corwin's unexplained weight loss. It is clear that since his incarceration, Mr. Corwin's health has deteriorated.

Here, the BOP has mismanaged and ignored Mr. Corwin's medical needs. Courts have recognized that "inmates in B.O.P. custody have the right to adequate medical care for a serious medical need", U.S. v. Williams, 2020 U.S. Dist. LEXIS 63824, 2020 WL 1751545

at *4 (ND Fla. 2020). Numerous courts have found that the BOP's inadequate provision of medical care can qualify as an extraordinary and compelling reason for release, even where medical conditions are not life-threatening. See, e.g. U.S. v. English, 2022 U.S. Dist. LEXIS 230553, 2022 WL 17853361 at *5 (ED Mich. Dec. 22, 2022)("even if it is not clear that [Defendant's] medical conditions alone are life-threatening, the record here demonstrates that the mismanagement of these conditions creates extraordinary and compelling circumstances warranting compassionate release"); U.S. v. Burr, 2022 U.S. Dist. LEXIS 216371, 2022 WL 17357233 at *6 (MD NC Dec. 1, 2022)("Inadequate medical care may be a relevant factor in finding extraordinary and compelling reason under §3582(c)(1)(A)"; U.S. v. Derentz, 608 F.Supp.3d 189, 193 (ED Pa. 2022)(Courts have also found that...delays in treatment, may qualify as an extraordinary and compelling reason for compassionate release"); U.S. v. Hector, 2022 U.S. Dist. LEXIS 232866 (WD Va. Dec. 28, 2022)(inadequate treatment can constitute grounds for compassionate release"); U.S. v. Vishallie Verasawmi, 2022 U.S. Dist. LEXIS 125856 (D.N.J. Jul. 15, 2022)(same).

The BOP has yet to address Mr. Corwin's chronic fatigue syndrome, physical tremors, or his unexplained weight loss. Courts have specifically deemed delays in treatment "extraordinary and compelling", Burr, 2022 U.S. Dist. LEXIS 216371, 2022 WL 17357233 at *6. "Many courts have explicitly found that lengthy and unexplained delays of needed medical care can be extraordinary and compelling circumstances", Id. See also, U.S. v. Banks, 425 F.Supp.3d 573, 580-84 (MD NC 2019); U.S. v. Almontes, 2020 U.S. Dist. LEXIS 62524 (D. Conn. 2020); U.S. v. Robles, 2022 U.S. Dist. LEXIS 14554 (SD Cal. 2022).

Courts have also recognized that "Chronic Fatigue Syndrome is a debilitating immunological disorder", Mitchell, 910 F.Supp. 1044, 1050 (MD Pa. 1995), and it is widely known that "[i]nfections are prevalent in prison settings and, due to his weakened immune system and chronic conditions, Defendant's ability to fight off

infections is diminished", U.S. v. Freeman, 2023 U.S. Dist. LEXIS 190103 at *11 (CD Ill. Oct. 23, 2023).

Based on the evidence presented, "[Defendant's] medical records demonstrate that he has only received minimal medical care at [FCI Danbury]", U.S. v. Russell, 2022 U.S. Dist. LEXIS 237394 at *10 (D.N.J. Mar. 29, 2022). Regarding Mr. Corwin's chronic fatigue syndrome, physical tremors, and unexplained weight loss, it is clear that Mr. Corwin is "not receiv[ing] the consistent care, monitoring, and treatment required for [his] conditions" and "taken together, the factors outlined herein cause substantial doubt on whether the B.O.P. is able to adequately manage [Defendant's] medical care", U.S. v. Vishallie Verasawmi, 2022 U.S. Dist. LEXIS 12856 at *20 (D.N.J. July 15, 2022).

Here, the "[Defendant's] medical conditions and the BOP's inability to address them constitute a textbook case of extraordinary and compelling reason for a reduction in sentence", U.S. v. Skeeters, 2022 U.S. Dist. LEXIS 228617 at *6 (D.S.C. Dec. 19, 2022). The Court should find that the inadequate medical care, in combination with the other issues raised herein, constitutes an extraordinary and compelling reason for a sentence reduction.

C. The Seriousness of Defendant's Offense Does Not Preclude a Sentence Reduction

In the instant case, Mr. Corwin was convicted for a violation of 18 USC §2252(a)(2). While the instant offense was serious, "the commission of serious crimes does not foreclose the possibility of compassionate release", U.S. v. Peterson, 2021 U.S. Dist. LEXIS 2379 at *6 (ED Pa. 2021).

To be sure, courts have granted sentence reductions to defendants with serious cases. See, e.g., U.S. v. McCarthy, 2020 U.S. Dist. LEXIS 61759 (D. Conn. 2020) (releasing prisoner convicted of armed bank robbery); U.S. v. Payne, 2022 U.S. Dist.

LEXIS 111098 (ND Okla. 2022)(releasing prisoner convicted of carjacking, extortion, bank robbery, and §922(g)); U.S. v. Otero, 2023 U.S. Dist. LEXIS 54293 (SDNY Mar. 29, 2023)(reducing sentence for member of violent drug trafficking gang, racketeering, attempted murder of a rival drug trafficker); U.S. v. Monteleone, 2023 U.S. Dist. LEXIS 62518 (EDNY Apr. 10, 2023)(reducing sentence for member of the Colombo organized crime family, involved in two shootings, racketeering).

Since the implementation of the First Step Act, district courts have even reduced sentences for those convicted of murder and murder for hire. See, U.S. v. West, 2022 U.S. Dist. LEXIS 202370 at *2, 20-21 (ED Mich. Nov. 7, 2022)(reducing sentence for defendant convicted of murder-for-hire); U.S. v. Bass, 415 F.Supp.3d 977, 979 (ED Mich. 2021)(reducing sentence for defendant convicted of murder in relation to a drug offense); U.S v. Gray, 2021 U.S. Dist. LEXIS 88855 (D. Md. 2021)(reducing sentence for defendant convicted of murder).

Importantly, numerous defendants who actually murdered government officials have had their sentences reduced. See, U.S. v. Green, 516 F.Supp.3d 1, 27-28 (D.D.C. 2021) (reducing sentence for defendant convicted of murdering a United States Marshal); U.S. v. Trenkler, 537 F.Supp.3d 91 (D. Mass. 2021)(sentence reduced for defendant who killed a police officer and maimed a second officer). Sentences have also been reduced for those convicted of murdering government witnesses and informants. See, U.S. v. Asaro, 2020 U.S. Dist. LEXIS 68044 at *21 (EDNY 2020)(reducing sentence for defendant convicted of murder of a cooperating witness); U.S. v. Rodriguez, 492 F.Supp.3d 306, 308, 317 (SDNY 2020)(reducing sentence for defendant who was serving a mandatory sentence for the torture and murder of a government informant).

"Congress did not write child pornography offenders out of the compassionate release statute", U.S. v. Millette, 2020 U.S. Dist. LEXIS 239696 (D. Mass. 2020). And, "multiple courts across the country have granted compassionate release to defendants who committed child pornography and other sex offenses", Id. See, e.g., U.S. v. Correa, 2020 U.S. Dist. LEXIS 239795 (SDNY 2020)(reducing sentence for defendant convicted under 18 USC §2251(a)); U.S. v. Hicks, 2022 U.S. Dist. LEXIS 7677 (SD W. Va. 2022)(reducing sentence for defendant convicted under §2251(a)); U.S v. Jansen, 2020 U.S. Dist. LEXIS 221350 (SD Ind. 2020)(reducing sentence for defendant convicted under §2251(a)); U.S. v. Martinez-Rojas, 2023 U.S. Dist. LEXIS 132245 (EDNY July 31, 2023) (reducing sentence for defendant convicted under §2241); U.S. v. Blake, 2020 U.S. Dist. LEXIS 144632 (SD Fla. 2020)(reducing sentence for defendant convicted under §2242); U.S. v. Indarte, 2020 U.S. Dist. LEXIS 189970 (WD Wash. 2020)(reducing sentence for defendant convicted under §2242); U.S. v. Lumbardy, 2023 U.S. Dist. LEXIS 80980 (D.S.D June 20, 2023)(reducing sentence for defendant convicted under §2252(A); U.S. v. DeFoggi, 2022 U.S. Dist. LEXIS 97833 (D. Neb. June 1, 2022)(reducing sentence for defendant convicted under §2252(A); U.S. v. Mowry, 2021 U.S. Dist. LEXIS 14326 (D. Me. 2021)(reducing sentence for defendant convicted under §2252A).

The Court should note that the Defendant's case was non-violent. See, U.S. v. Ortiz, 2023 U.S. Dist. LEXIS 31532 at *20 (SD Cal. Feb. 24, 2023)(recognizing that while the defendant's offense was serious, it "did not involve violence" in granting a sentence reduction). See also, U.S. v. Ogun, 2023 U.S. Dist. LEXIS 31329 at *26 (ED Va. Feb. 24, 2023)("While the Court does not minimize or deny the seriousness of Defendant's crimes...the court recognizes that §3582(c)(1)(A)(i) allows a trial court

"to reduce a sentence in 'any case' not just cases where a sentence has been substantially served; not just in cases involving low-level or non-violent offense") (quoting U.S. v. Kibble, 992 F.3d 326, 334 (4th Cir. 2021).

Based on the above, the Court should find that the seriousness of the Defendant's case does not bar a sentence reduction.

D. The Section 3553(a) Factors Warrant a Sentence Reduction

The ultimate determination of "whether to reduce an eligible defendant's term of incarceration...after considering the §3553(a) factors is committed to the discretion of the [district court]", U.S. v. Jones, 2020 U.S. Dist. LEXIS 120200 (WD Pa. 2020). A "district court may consider all relevant factors when determining whether an eligible defendant merits relief under the First Step Act", U.S. v. Palmer, 35 F.4th 841, 851 (DC Cir. 2022).

However, "a district court may [not] fulfill its duty to reconsider the §3553(a) factors by merely recounting the considerations that supported the original sentence", U.S. v. Kibble, 992 F.3d 326, 335 (4th Cir. 2021).

   1. §3553(a)(1) - The Nature and Circumstances of the Offense and the
      History and Characteristics of the Defendant

The nature and circumstances of Mr. Corwin's offense weigh in favor of a sentence reduction. There is a wide range of criminal behavior that is punished under 18 USC §2252(a)(2). The statute encompasses everything from receiving a few illegal images over a short period of time to receiving hundreds of thousands of images or more over years or decades, as in the cases of U.S. v. Allen, 2012 U.S. Dist. LEXIS 69476

at *11 (WD Va. 2012), U.S. v. Perri, 2020 U.S. Dist. LEXIS 200503 at *8 (ED Pa. 2020), and U.S. v. O'Connor, 601 Fed. Appx. 149, 150 (3rd Cir. 2015).

Mr. Corwin did not physically force himself on anyone. He did not touch anyone. Mr. Corwin's post-offense rehabilitation demonstrates that "the history and characteristics of the defendant, §3553(a)(1), specifically, his commitment to bettering himself in the aftermath of his convicted conduct, suggest that the goals of sentencing have been fulfilled", U.S. v. Brown, 2022 U.S. Dist. LEXIS 120433 at *45 (WD Pa. Jul. 8, 2022).

2. §3553(a)(2)(A) - The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense

While "[t]he sentence imposed must 'promote respect for the law', 18 USC §3553(a)(2)(A); a sentence that is too harsh undermines that goal as much as a sentence that is too lenient", U.S. v. Corral, 2020 U.S. Dist. LEXIS 220206 (ED Mich. Dec. 6, 2022). Considering Mr. Corwin's age, medical conditions, and lack of adequate medical care, along with the massive civil lawsuit filed against Mr. Corwin for his criminal conduct, it is clear that Mr. Corwin "has suffered more than necessary to constitute just punishment for the offense", U.S. v. Brice, 2022 U.S. Dist. LEXIS 225732 (ED Pa. Dec. 15, 2022).

At this point, "further incarceration is not necessary to serve the goals of deterrence and promoting respect for the law", U.S. v. Ramirez, 2021 U.S. Dist. LEXIS 173414 at *24 (SDNY 2021).

3. §3553(a)(2)(B) - The Need for the Sentence Imposed 'to Afford Adequate Deterrence to Criminal Conduct'

The Defendant was sentenced to 60-months imprisonment and although the government may argue that Defendant has not served enough time, courts have held that "the lenghth of a defendant's incarceration does not reduce or increase his future dangerousness", McCullum v. Dretke, 89 Fed. Appx. 888 at fn. 1 (5th Cir. 2004). There is little to no correlation between the length of incarceration and recidivism. See, Andrew Von Hirsch, et al. "Criminal Deterrence and Sentence Severity: An Analysis of Recent Research" (1999)(concluding that "correlations between sentence severity and crime rates...were not sufficient to achieve statistical significance", and that "the studies reviewed do not provide a basis for inferring that increasing the severity of sentence generally is capable of enhancing deterrent effects").

4. §3553(a)(2)(C) - To Protect the Public from Further Crimes of the Defendant

As stated above, Mr. Corwin has exhibited exemplary post-sentencing conduct. This weighs in the Defendant's favor regarding the §3553(a) factors. See, U.S. v. Van Praagh, 2020 U.S. Dist. LEXIS 121570 at *13 (SDNY 2020)("the need to provide specific deterrence and to protect the public from future criminal actions must be considered in light of [Defendant's] prison record, which demonstrates a sincere, sustained effort to turn his life around").

"As to the need for the sentence to promote deterrence and protect the public, [Defendant] has shown excellent behavior and impressive rehabilitation efforts during his incarceration", U.S. v. DeFoggi, 2022 U.S. Dist. LEXIS 97833 at *20-21 (D. Neb. June 1, 2022).

Importantly, the Bureau of Prisons itself has classified Mr. Corwin as a "low" security risk and the B.O.P. has also determined Mr. Corwin to be a "low" risk of recidivism according to the B.O.P.'s PATTERN score (The Prisoners Assessment Tool Targeting Estimated Risk and Need). Courts have recognized that a low or minimum B.O.P. PATTERN score demonstrates a very low risk of danger to the community. See, U.S. v. Roundtree, 460 F.Supp.3d 224 (NDNY 2020)(not a danger to the community because B.O.P. classified his recidivism as "low"). Courts have reduced sentences for prisoners with a "low" B.O.P. PATTERN score for recidivism. See, U.S. v. Joseph, 2022 U.S. Dist. 101240 (SD Fla. 2022); U.S. v. Asher, 4657 F.Supp.3d 1285 (ND Ga. 2020); U.S. v. Ortega, 2022 U.S. Dist. LEXIS 154256 (SDNY 2022); U.S. v. Jones, 2020 U.S. Dist. LEXIS 175138 (MD Pa 2020); U.S. v. Gargan, 2022 U.S. Dist. LEXIS 181871 (ED Va. 2022).

Considering the Defendant's "low" recidivism risk, "the sentence already served will likely suffice to protect the public from further crimes of the Defendant", U.S. v Freeman, 2023 U.S. Dist. LEXIS 190103 at *16 (CD Ill. Oct. 23, 2023). As the B.O.P. has determined Mr. Corwin to be a low security risk and a low risk for recidivism, the Court should ignore any government argument to the contrary.

The "[Defendant's] offense is serious, but he does not pose as significant a danger to the community as someone with a history of grooming children or touching them", U.S. v. Mowry, 2021 U.S. Dist. LEXIS 14326 at *10 (D. Me. 2021). Moreover, with Mr. Corwin's participation in the RDAP program, he has "taken steps to rehabilitate himself, suggesting that further incarceration is not needed to protect the public from future crimes he might commit", U.S. v. Ricks, 2021 U.S. Dist. LEXIS 77567 at *18 (SD Ind. 2021).

And, although "[Defendant's] continued incarceration would obviously protect the public from any further crimes, there are conditions that can be imposed to address those issues", Jones v. U.S., 2021 U.S. Dist. LEXIS 178369 at *13 (ED Mich. 2021). To be sure, "several courts have fashioned supervised release conditions designed to mitigate any concerns for dangerousness or risk to the community for individuals who have been convicted of such internet-based offenses", Id.

"The record also shows that the Bureau of Prisons ("BOP"), mindful of the [Defendant's] [criminal] record, does not consider him to be dangerous because he has been confined in the lowest security risk category for a long time...That information, when considered with the record of rehabilitation, permit a finding that [Defendant] is not to be considered a danger to the community", U.S. v. Rice, 2023 U.S. Dist. LEXIS 103030 at *13 (ED Va. June 13, 2023).

5. §3553(a)(2)(D) - The Need for the Sentence Imposed 'to Provide the Defendant With Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner

Mr. Corwin has been participating in the BOP's Residential Drug and Alcohol Program, which teaches acceptance of responsibility and addreses addictive behaviors, cognitive thinking, substance abuse, and criminal thinking. The Court should find that the "[Defendant's] pursuit of treatment programming, while serving [his] sentence addresses the needs to 'protect the public' and to 'provide the defendant with needed educational and vocational training' and 'other correctional treatment'", U.S. v. Devereaux, 2023 U.S. Dist. LEXIS 7830 at *8 (D. Mont. Jan. 7, 2023)(quoting §3553(a)(2)(C), (a)(2)(D)).

For all the reasons stated above, the Court should find that the §3553(a) factors weigh in favor of a sentence reduction.

CONCLUSION

Considering Mr. Corwin's health issues, lack of medical care, post-offense rehabilitation, excellent prison record, and his successful participation in the RDAP program, the Court should find that these circumstances, in combination with each other, constitute extraordinary and compelling reasons to reduce Mr. Corwin's sentence.

Respectfully Submitted,

David Corwin

David Corwin
Reg. No. 36129-509
FCI Danbury
33 1/2 Pembroke Road
Danbury, CT 06811

CERTIFICATE OF SERVICE

I, David Corwin, hereby certify that I mailed a copy of this document to the U.S. Attorney's Office on AUG. 9, 2024 from the FCI Danbury facility using the prison mail system.

David Corwin

David Corwin