```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------
 UNITED STATES OF AMERICA,

 -against-                             ORDER
                                       No. 21-CR-0218 (JS)
 DAVID CORWIN,

         Defendant.

----------------------------------
APPEARANCES

For Defendant:        David Corwin, Pro Se
                      36129-509
                      Danbury Federal Correctional Institution
                      33 1/2 Pembroke Road
                      Danbury, Connecticut  06811

For United States:    Charles N. Rose, Esq.
                      United States Attorney's Office
                      Eastern District of New York
                      610 Federal Plaza
                      Central Islip, New York  11722
```

SEYBERT, District Judge:

Currently before the Court is the pro se motion of Defendant David Corwin ("Defendant") seeking a sentence reduction pursuant to 18 USC §3582(c)(1)(A) (hereafter, the "Motion"). (See ECF No. 53; see also Reply, ECF No. 61). The Government opposes the Motion. (See Opp'n, ECF No. 57). For the following reasons, the Motion is **DENIED**.

[Remainder of page intentionally left blank.]

RELEVANT BACKGROUND

The Court presumes the reader's familiarity with the relevant background of this case; nonetheless, for convenience it summarizes the pertinent facts.  On March 24, 2021, Defendant was arrested for having received a collection of sado-masochistic child pornography involving the rape and sexual abuse of infants, toddlers, and children.  Said receipt was through the 'dark web' and shared with others via 'peer-to-peer' networks.  Defendant had no prior criminal history.

On March 7, 2022, Defendant pled guilty to Count One of the Indictment brought against him, i.e., receiving child pornography in violation of 18 U.S.C. § 2252(a)(2) (hereafter, "Section 2252(a)(2)").  (See Minute Entry, ECF No. 20.)  On November 18, 2022, this Court sentenced Defendant to the mandatory minimum for violation of Section 2252(a)(2); said sentence was well-below the applicable Guidelines range of 151 to 188 months.  (See, e.g., Statement of Reasons, ECF No. 48 (sealed), § III.) Moreover, in sentencing Defendant and considering the applicable Section 3553(a) Factors, the Court took into consideration, inter alia, Defendant's age and health conditions, including his chronic fatigue syndrome, which factors Defendant discussed extensively in his Sentencing Memorandum.  (See id. §VI(C); see also Sent'g Memo, ECF No. 33.)  Additionally, the Court recommended Defendant be housed at FCI Danbury.  (See Judgment, ECF No. 47, at 2.)

Defendant began his incarceration sentence at FCI Danbury on May 31, 2023. He is currently 77 years old and has an anticipated release date of September 2, 2026. See Fed. Bureau of Prisons ("BOP"): Find an Inmate, David Corwin (BOP Reg. No. 36129-509), https://www.bop.gov/inmateloc/ (last visited Aug. 6, 2025) (identifying Defendant's location as "Danbury FCI").

A little more than a year after he began his sentence, on August 19, 2024, Defendant moved for a sentence reduction. On November 4, 2024, the Government filed its Opposition. Defendant replied on December 2, 2024. Defendant's Motion is ripe for decision.

## DISCUSSION

I. Applicable Law

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." United States v. Rabuffo, No. 16-CR-0148, 2020 WL 2523053, at *1 (E.D.N.Y. May 14, 2020) (quoting United States v. Gotti, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020)); see also United States v. Santana, No. 15-CR-0457, 2025 WL 1940370, at *2 (E.D.N.Y. July 15, 2025) (same). The First Step Act ("FSA"), which modified 18 U.S.C. § 3582(c), allows a court to modify a defendant's sentence upon a motion of either (i) the Director of the BOP, or (ii) the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's

behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Thrower, 495 F. Supp. 3d 132, 137 (E.D.N.Y. 2020). "The statute imposes three independent, necessary requirements for release: exhaustion of remedies, existence of an extraordinary and compelling reason for sentence reduction, and that the § 3553(a) [F]actors warrant reduction." United States v. Hunter, No. 21-1773, 2022 WL 2288688, at *1 (2d Cir. June 24, 2022) (citing United States v. Keitt, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam)). "A defendant's failure to exhaust administrative remedies is a threshold matter preventing the [c]ourt from considering a Section 3582 application." United States v. Robinson, No. 10-CR-0789, 2022 WL 16924176, at *3 (E.D.N.Y. Nov. 14, 2022) (quoting United States v. Alvarez, No. 89-CR-0229, 2020 WL 4904586, at *2 (E.D.N.Y. Aug. 20, 2020)). And, "[i]f any one requirement is not satisfied, the district court may deny the motion without considering the remaining requirements." Hunter, 2022 WL 2288688, at *1 (citing Keitt, 21 F.4th at 72–73); see also, e.g., United States v. Pimentel, No. 23-7096-CR, 2025 WL 783730, *2 (2d Cir. Mar. 12, 2025) (summary order) (affirming district court's denial of compassionate release where lower court's denial was based solely on applying Section 3553(a) Factors, which it found did not warrant consideration of proffered extraordinary and

compelling reasons; quoting Keitt).

Where exhaustion is satisfied, in their consideration of motions brought pursuant to the FSA, courts are to consider whether a sentence "reduction is consistent with applicable policy statements issued by the Sentencing Commission", 18 U.S.C. § 3582(c)(1)(A); see also Guidelines § 1B1.13 (the "Policy Statement"), and whether the relevant Section 3553(a) Factors favor such a reduction. See United States v. Donato, No. 95-CR-0223, 2024 WL 1513646, *5 (E.D.N.Y. Apr. 18, 2024);[1] see

---

[1] In Donato, Judge Azrack of this District explained:

> In 2020, the Second Circuit determined that the applicable policy statement—U.S.S.G. § 1B1.13—does not apply to motions for compassionate release filed by defendants because the statement's language referenced only motions filed by the Director of the Bureau of Prisons. See United States v. Brooker, 976 F.3d 228, 235-37 (2d Cir. 2020). [T]he Sentencing Commission has since amended the policy statement, such that it now explicitly covers motions for compassionate release brought by individual defendants. See U.S.S.G. § 1B1.13(a) ("Upon motion of the Director of the Bureau of Prisons or the defendant, . . . the court may reduce a term of imprisonment . . . .") (emphasis added). As a result, courts in this circuit have determined that "Brooker does not apply to the new version of Policy Statement 1B1.13 . . . . [and that] to grant a motion for compassionate release, a court must now . . . find that granting such relief is consistent with Policy Statement 1B1.13." United States v. Feliz, [No. 16-CR-0809,] 2023 WL 8275897, at *4 (S.D.N.Y. Nov. 30, 2023) (quotation marks omitted); see also United States v. Andrews,

also Keitt, 21 F.4th at 71. However, "'[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.'" United States v. Brooker, 976 F.3d 228, 235–37 (2d Cir. 2020) (emphasis and alteration in original) (quoting 28 U.S.C. § 994(t)); see also U.S.S.G. § 1B1.13(d).

Even where extraordinary and compelling reasons exist, the Court must "consider all the Section 3553(a) [F]actors to the extent they are applicable, and may deny such a motion if, in its discretion, compassionate release is not warranted because Section 3553(a) [F]actors override, in any particular case, what would otherwise be extraordinary and compelling circumstances." United States v. Davies, No. 17-CR-0057, 2020 WL 2307650, at *2

---

[No. 01-CR-0450,] 2023 WL 8477993, at **2–5 (S.D.N.Y. Dec. 7, 2023) (analyzing the recent amendments to Policy Statement 1B1.13 and applying it to a defendant's motion for compassionate release). Accordingly, the amended guidance from the Commission as to what constitutes extraordinary and compelling reasons now controls the analysis of a compassionate release petition, however initiated. See generally U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28,254 (effective Nov. 1, 2023); see also United States v. Lopez, [No. 16-CR-0317,] 2024 WL 964593, at *2 (S.D.N.Y. Mar. 5, 2024.)

Donato, 2024 WL 1513646, at n.10; see also Feliz, 2023 WL 8275897, at *1 (stating recent amendments, "which updated Section 1B1.13 of the U.S. Sentencing Guidelines Manual to harmonize the provision with the First Step Act of 2018, have changed the legal framework promulgated by the Second Circuit in United States v. Brooker, 976 F.3d 228 (2020)").

Page 6 of 18

(E.D.N.Y. May 8, 2020) (citation omitted); see also Pimentel, 2025 WL 783730, at *2; United States v. Jones, No. 22-2008-CR, 2023 WL 8613867, at *2 (2d Cir. Dec. 13, 2023) (same). "The defendant bears the burden of showing that the circumstances warrant a sentence reduction." United States v. Sellick, No. 21-2328, 2022 WL 16936829, at *1 (2d Cir. Nov. 15, 2022) (summary order) (citing Jones, 17 F.4th 371, 375 (2d Cir. 2021)); see also United States v. Friedlander, No. 20-CR-0441, 2022 WL 2305370, at *3 (E.D.N.Y. June 24, 2022) ("A defendant 'bears the burden of showing that his release is justified.'" (quoting United States v. Patterson, No. 06-CR-0080, 2020 WL 3451542, at *1 (S.D.N.Y. June 23, 2020)).

## II. Application

### A. Exhaustion

Defendant asserts he requested compassionate release from the Warden of FCI Danbury, which the warden denied. (See Reply, Ex. 1, ECF No. 61 at ECF pp.22-25.) Thus, Defendant asks the Court to find he "has exhausted his administrative remedies". (Reply at 2). The Government does not meaningfully challenge Defendant's exhaustion efforts and "does not oppose the Court's jurisdiction to address" the Motion. (Opp'n at 3 n.2.) Cf., e.g., United States v. Diaz, No. 10-CR-0277, 2024 WL 3228347, at *2 (E.D.N.Y. June 27, 2024) (finding, where Government discussed defendant's exhaustion of administrative remedies "only to

Page 7 of 18

acknowledge that it is not clear from the defendant's application whether he has exhausted" said remedies, and "d[id] not expressly raise an exhaustion defense," but "direct[ed] its opposition entirely at whether [defendant] states extraordinary and compelling reasons and whether § 3553(a) factors militate against his early release," the court was free to consider the merits of defendant's compassionate release motion (omitting internal quotations marks and citations)). Hence, the Court deems Defendant to have satisfied his burden of establishing administrative exhaustion; therefore, it proceeds to examine Defendant's claim of extraordinary circumstances warranting compassionate release.

  A. <u>Extraordinary and Compelling Factors</u>

    1. <u>Medical Conditions and BOP Care</u>

Defendant states he suffers from "numerous medical issues", highlighting his diagnosis of Chronic Fatigue Syndrome ("CFS"). (Motion at 5). He baldly contends "[t]he BOP has yet to address [his] [CFS], physical tremors, or his unexplained weight loss." (<u>Id.</u> at 8; <u>see also</u> <u>id.</u> at 9 (same).) The Court is unpersuaded. As the Government aptly counters:

> To the contrary, the medical records attached to the Motion show that the BOP is providing adequate medical care to the [D]efendant for his condition, which is considered "stabile." The BOP records also show [D]efendant has been non-compliant with the treatment regimen provided by the BOP for his hypertension, which could be contributing to his condition.

(Opp'n at 4 (first citing Defendant's BOP Medical Records, ECF No. 53-2 at 7; then citing id. at 4).) Indeed, a thorough review of Defendant's BOP medical records confirms the BOP has provided medical monitoring and care to Defendant. See, e.g., United States v. Gaffey, No. 18-CR-0693, 2021 WL 1530053, at *8 (S.D.N.Y. Apr. 19. 2021) (finding, where BOP medical personnel diligently monitored and managed defendant's medical conditions, no extraordinary and compelling reason was presented); Untied States v. Sessum, No. 15-CR-0667, 2020 WL 2836781, at *3 (S.D.N.Y. June 1, 2020), reconsideration denied, 2020 WL 6392817 (S.D.N.Y. Oct. 30, 2020) ("[T]he fact remains that in monitoring, diagnosing, and treating [defendant's] conditions, the BOP is providing appropriate medical care. The Court therefore concludes that, even accounting for his medical conditions, [defendant] has not demonstrated the existence of extraordinary and compelling circumstances in this case."). Moreover, said review further shows Defendant's own actions and inactions are, at a minimum, contributing factors to his current health conditions, see, e.g., United States v. Teman, No. 19-CR-0696, 2024 WL 262781, at *7 (S.D.N.Y. Jan. 24, 2024) (defendant's declining medical care and examinations weighed in favor of finding defendant did not "meet any of the formulations from the Sentencing Commission under which an inmate's conditions qualify as an extraordinary and compelling reason for early release"); he should not be rewarded for such

conduct. Further, Defendant's disagreement with the treatment provided to him by the BOP is not a basis upon which to find extraordinary and compelling circumstances warranting a sentence reduction. See, e.g., id. at *6 (S.D.N.Y. Jan. 24, 2024) (finding, inter alia, the "BOP is capable of addressing [defendant's] medical needs" and, therefore, finding no extraordinary and compelling reasons warranting a sentence reduction). Nor, has Defendant demonstrated he is "in dire straits due to his illness commensurate with situations contemplated by § 1B1.13[, i.e., the Policy Statement] of the Guidelines." (Opp'n at 4 (citing United States v. Yong, No. 95-CR-0825, 2024 WL 3648259, *6 (E.D.N.Y. Aug. 5, 2024) (finding defendant did not substantiate his medical condition so incapacitated him as to warrant a sentence reduction))); see also Teman, 2024 WL 262781, at *7 ("[E]ven crediting [defendant's] narrative [regarding his health conditions], the assembled documentation (medical records plus [defendant]'s account) do not come close to supporting that [defendant] meets any of the [Guidelines Policy Statement's defined] conditions [which] qualify as an extraordinary and compelling reason for early release."), and at *8 (collecting cases). Finally, as stated previously, in fashioning its original sentence, the Court considered Defendant's medical issues together

with his age; via his Motion, Defendant has failed to show any extraordinary or compelling change.[2]

At bottom, Defendant has failed to show he is unable to provide self-care to himself or participate in the activities of daily life. Hence, the medical conditions advanced by Defendant do not establish extraordinary or compelling reasons for granting Defendant a sentence reduction.

### 2. Rehabilitative Efforts

In his Motion, Defendant acknowledges: "What constitutes rehabilitation is left to the court's discretion." (Motion at 3.) However, he further highlights, that in assessing rehabilitative efforts:

> courts in this district have ["]considered the following factors: the defendant's maintenance of familial and social relationships; letters of support both from community members and prison staff; conduct and disciplinary records while incarcerated; and other clear signs that a defendant's incarceration has had rehabilitative value."

(Id. (quoting United States v Bryam, No. 12-CR-0586, 2024 WL 1556741, at *8 (E.D.N.Y. Apr. 10, 2024)).) Nonetheless, the sole factor Defendant advances as to himself is his participation in

---

[2] Indeed, the Court notes Defendant continues to rely upon the same February 17, 2023 "To Whom It May Concern" letter of Dr. James Hess, which he previously used in support of his medical condition argument advanced in his Sentencing Memorandum. (Compare Hess Letter, Ex. 3, ECF No. 53-2, attached to Motion, with Hess Letter, Ex. E, ECF No. 33-5, attached to Sent'g Memo.)

the BOP's Residential Drug and Alcohol Program ("RDAP"). (See id. at 4-5.) In doing so, Defendant cites copious case law,[3] but otherwise does not explain how his personal RDAP participation rises to the extraordinary or compelling level. (See id.)

Recently, in denying the compassionate release motion, where the defendant showed "significant strides in his rehabilitation", this Court, nonetheless, found the defendant's "commendable rehabilitation [wa]s not enough". United States v. Latney, No. 18-CR-0606, 2025 WL 1126474, at *7 (E.D.N.Y. Apr. 16, 2025). In Latney, the defendant: presented evidence of maintaining familiar relationships; provided letters of support from a prison chaplain, an attorney, and fellow inmates; and, submitted a letter of contrition.[4] See id. at *7-8. While the Court found defendant Latney's rehabilitative efforts "laudable", because there was an absence of other extraordinary and compelling reasons, "the weight his rehabilitation efforts might have added to the Court's calculus of the totality of the circumstances [wa]s without effort". Id.

---

[3] The Court notes that, although he skillfully quotes case law throughout his Motion and Reply, Defendant fails to sufficiently apply such case law--often non-binding precedent--to the facts of his case; indeed, failing to articulate how the quoted and cited cases are similar to his situation, Defendant merely offers bald statements. That is inadequate to meet his burden of establishing entitlement to a sentence reduction.

[4] Latney had a blemish-free disciplinary record while incarcerated. See Latney, 2025 WL 1126474, at *8 n.3. Defendant provided no information regarding his disciplinary record.

at \*8.  Hence, the Court found no grounds to reduce defendant Latney's sentence.  See id.

In comparison, Defendant's showing of rehabilitative efforts are not as compelling as was those of Latney.  While Defendant avails himself of the demanding RDAP, which is commendable, his proffer of rehabilitation juxtaposed with Latney's pales; for example, there has been no showing of: the maintenance of familial relationships; letters of support; a blemish-free disciplinary record; or other clear signs that Defendant's incarceration has had extraordinary rehabilitative value.  Moreover, in reaching its conclusion in Latney, and as is relevant here, the Court stated:

> As the Government persuasively argue[d in opposing the granting of compassionate release]:
>
>> [S]ince rehabilitation and "model prison conduct is expected" of federal inmates, the [D]efendant should not be granted compassionate release on this basis.  United States v. Veliu, No. 17-CR-0404, 2022 WL 2484240, at \*5 (E.D.N.Y. July 6, 2022); see also United States v. Reyes, No. 20-3285, 2022 WL 1669388, at \*1 (2d Cir. May 26, 2022) (summary order) (affirming compassionate release denial where district court "acknowledged [the defendant's] efforts toward rehabilitation, [but] nevertheless found that the [S]ection 3553(a) [F]actors weighed heavily against a sentence reduction" based on the defendant's conduct); United States v. Garcia, No. 19-CR-210 (CS), 2022

> WL 672758, at *2 (S.D.N.Y. Mar. 7, 2022) ("Maintaining good conduct in prison is not uncommon, and indeed is expected.").
>
> The Court cannot disagree.

Id. at *8 (omitting internal citation).  The same holds true here; "rehabilitation is expected of a federal inmate."  Id. at *3; see also, e.g., Alvarez, 2020 WL 4904586, at *7 ("[T]he Court finds that Defendant has not provided sufficiently exceptional evidence of his rehabilitation to warrant a reduction of his sentence."). As the Government astutely asserts, what Defendant proffers "is clearly insufficient."  (Opp'n at 4 (citing Yong, 2024 WL 3648259, at *9 (generalized claims of rehabilitation insufficient to support a sentence reduction)).)  Upon the record presented, the Court finds Defendant's rehabilitative efforts do not rise to an extraordinary or compelling level warranting a sentence reduction.

        C.    Section 3553(a) Factors

"[A] district court may deny a motion for compassionate release in 'sole reliance' on the Section 3553(a) [F]actors, without determining 'whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction.'"  Jones, 2023 WL 8613867, at *2; see also Jones, 17 F.4th at 374 ("[A] district court's 'reasonable evaluation of the Section 3553(a) [F]actors' is 'an alternative and independent basis for denial of compassionate release.'"

(quoting United States v. Robinson, 848 F. App'x 477, 478 (2d Cir. 2021)).

> The [Section 3553(a) F]actors include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "to afford adequate deterrence to criminal conduct;" "to protect the public from further crimes of the defendant;" and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."  18 U.S.C. § 3553(a)(1)-(2).

United States v. Johnson, 671 F. Supp. 3d 265, 283 (E.D.N.Y. 2023).

In addressing the Section 3553(a) Factors, Defendant relies upon his "post-offense rehabilitation", purported "exemplary post-sentencing conduct", and "low security risk" rating as Section 3553(a) Factors supporting a reduction in sentence.  (See Motion at 13, 14, 15, and 17).  Further, while admitting the seriousness of his crime, Defendant highlights courts have granted sentence reductions to defendants who have committed other serious crimes, e.g., the murder of government officials, in addition to those who committed child pornography and other sex offenses.  (See id. at 9-11.)  The Court is unpersuaded.

The Government contends Defendant attempts to "minimize[] the gravity of his crime of conviction by adding that

he 'did not force himself on anyone. He did not touch anyone.'" (Opp'n at 5 (quoting Motion at 13).) The Court concurs: Defendant's "refusal to acknowledge the heinous nature of the sadomasochistic child pornographic material he sought out and stored undermines his argument that he has rehabilitated himself." (Id.) It is of no moment Defendant did not physically interact with the children; his having an appetite for such reprehensible pornographic materials, which he accessed and shares, caused children to be physically violated. Defendant's non-violence argument is patently offensive. The Court also agrees with the Government that Defendant's "apparent absence of remorse and minimization of the gravity of his crimes refutes the notion that [he] has been deterred from committing such crimes in the future." (Id.) Nor does Defendant address the need for general deterrence. And, whether Defendant must face civil litigation based upon the commission of his crime (see Motion at 13) is of no relevance; that is a consequence of Defendant's own making which has no bearing on the Court's consideration of the Section 3553(a) Factors.

Having considered the relevant Section 3553(a) Factors, the Court finds, as it originally did, "there is a strong need for [Defendant] to serve the sentence that was imposed." United States v. Santana, No. 15-CR-0457, 2021 WL 1999406, *4 (E.D.N.Y. May 19, 2021) (internal quotation omitted). Indeed, there is nothing

before the Court that changes its original analysis of the Section 3553(a) Factors, especially given the substantial below-Guidelines sentence imposed. See id. (explaining granting compassionate release when the Court had imposed a below-Guidelines sentence would "disserve" the purposes of the Section 3553(a) Factors); cf., e.g., Latney, 2025 WL 1126474, at *11 (determining "Court's original consideration of the relevant Section 3553(a) Factors continue[d] to carry substantial weight").

> Rather, in its discretion, the Court finds, even if Defendant had presented extraordinary and compelling circumstances warranting compassionate release, which he has not, the Section 3553(a) Factors would override those circumstances. The Court's below-Guidelines, [60]-month sentence of imprisonment continues to be appropriate to, inter alia: promote respect for the law; reflect the seriousness of the offense; provide just punishment; adequately deter criminal conduct; and protect the public from the Defendant, thereby satisfying the applicable Section 3553(a) Factors.

United States v. Hopkins, No. 18-CR-0606, 2024 WL 4388454, at *4 (E.D.N.Y. Oct. 2, 2024). Relatedly, said sentence is among the best ways to communicate to the public that: they will be protected; the guilty will be punished; and, the guilty will be required to serve their entire sentences. See, e.g., Santana, 2025 WL 1940370, at *7 (ruling same; collecting cases). In sum, Defendant's substantial below-Guidelines sentence of 60 months incarceration continues to be "sufficient, but not greater than

necessary, to comply with the purposes of § 3553(a)." (Statement of Reasons § VIII.)

*-*-*

To the extent not explicitly addressed herein, the Court has considered Defendant's remaining arguments for a sentence reduction and finds them to be without merit.

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction (ECF 53) is **DENIED** in its entirety and without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court mail a copy of this Order to the Defendant at his current address of record, including the notation "LEGAL MAIL" on the mailing envelope.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August 8, 2025
       Central Islip, New York